AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jacob Kyle Jordan | ) Case No.   20-cr-55 (TFH)/(RMM) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

  ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

  **OR**

  ☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

  ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

  ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ☑ Subject to lengthy period of incarceration if convicted
  ☐ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. Jordan requested that he be released into the High Intensity Supervision Program (HISP) with home confinement and treatment programs. He emphasized that he served in the Marine Corps for eight years, was deployed multiple times, was honorably discharged due to mental health conditions, and after his discharge he worked at Walter Reed and for disabled veterans. He emphasized that he has been receiving treatment for his ongoing mental health conditions, including medication and an emotional support dog, and he stated that the jail has been unable to meet his medical needs. Mr. Jordan also questioned the weight of the government's evidence as to the charged firearm offense. He noted that the government proffered no evidence linking the firearm to any allegations of drug possession or trafficking, the firearm was not recovered in the same location as the drugs, there was no round in the chamber, and he had informed law enforcement that there was a firearm at his residence. Mr. Jordan also proffered he may be safety-valve eligible, and thus may not face a mandatory minimum sentence.

Nature and circumstances of offense(s):

Mr. Jordan is charged with possessing with intent to distribute a very large quantity of methamphetamine and possessing a firearm in connection with a drug trafficking offense. Given the seriousness of these offenses, particularly the drug trafficking charge, this factor weighs in favor of pretrial detention. The government proffered that a cooperating source purchased approximately 3.22 pounds of methamphetamine from Mr. Jordan on February 25, 2020. Immediately after that transaction, law enforcement entered Mr. Jordan's residence and recovered approximately 3.75 additional pounds of methamphetamine, nine pills of MDMA, numerous bottles of an unknown liquid that the government proffered is a narcotic substance, a loaded .40 caliber Smith & Wesson firearm, and approximately $12,500 in cash. The government also proffered that Mr. Jordan has deposited $40,000 in cash into his bank account since January 2020. The government asserted that based on the quantity of drugs at issue, Mr. Jordan is a mid- to high-level dealer, and must have inter-state or international drug connections.

The strength of the government's evidence:

The government's evidence is very strong, thus this factor also weighs in favor of pretrial detention. The government proffered that a cooperating source purchased approximately 3.22 pounds of methamphetamine from Mr. Jordan at Mr. Jordan's residence. Immediately after the alleged transaction and while Mr. Jordan was still at the residence, law enforcement entered Mr. Jordan's residence pursuant to a search warrant. During the search, law enforcement recovered additional narcotics and a loaded firearm, the recovery of which was captured on law enforcement body-worn camera footage. Mr. Jordan was the sole leaseholder of the residence, and mail matter with his name and the address of that residence were found in the home. Notably, when questioned, Mr. Jordan waived his *Miranda* rights and told law enforcement that he gave methamphetamine to the source.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Mr. Jordan's history and characteristics are overwhelmingly positive, thus this factor both weighs in favor of release and rebuts the applicable presumptions of detention. Mr. Jordan is 32 years old and has no criminal history. He served honorably in the Marine Corps for eight years, and was honorably discharged for medical reasons. Mr. Jordan has been receiving treatment and medication for his medical issues, and he has an emotional support dog who is essential to his daily functioning. The government proffered that Mr. Jordan must have connections to a drug trafficking network based on the quantity of narcotics involved in the alleged offense. This proffer is insufficient to make this factor weigh in favor of detention due to Mr. Jordan's other positive characteristics.

The defendant's dangerousness/risk of flight:

This factor weighs in favor of pretrial detention as to dangerousness. The government proffered that Mr. Jordan possessed and sold methamphetamine, a volatile substance that presents a serious danger. The government further proffered that it is unlikely that methamphetamine could be cooked in an urban area such as the District of Columbia, thus Mr. Jordan must be part of a interstate or international drug trafficking network, and the quantity of methamphetamine he allegedly possessed indicates he is a mid- to high-level dealer. Methamphetamine is a dangerous and addictive narcotic, and the trafficking of it–especially if occurring on a national or international scale–presents a serious danger to the community. Given that Mr. Jordan allegedly sold a significant quantity of methamphetamine from his residence, the undersigned has no confidence that even placement on home confinement through HISP would be sufficient to reasonably assure the safety of the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   03/03/2020

United States Magistrate Judge