UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :   Case No. 20-CR-55 (TFH) |
| | : |
| JACOB KYLE JORDAN | : |
| | : |
| Defendant. | : |

**PROTECTIVE ORDER GOVERNING DISCOVERY
OF BODY WORN CAMERA MATERIALS**

To expedite the flow of discovery of body-worn-camera ("BWC") materials between the parties, and to adequately protect personal identifying information and other sensitive information, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), hereby ORDERED:

    1.    **Definition of the Legal Defense Team**. Defendant's "legal defense team" shall include defense counsel (including counsel of record in this case and any subsequent post-trial or appellate counsel); all agents, representatives, and employees of the Federal Public Defender's Office; and investigators, paralegals, or support staff members, who are working under the direction of the defense counsel. The legal defense team shall not include defendant's family members or friends or known associates of the defendant.

    2.    **Limitations on Use and Disclosure.** Except as provided by this Order or a further order of this Court:

    A.    the legal defense team shall not disclose the body-worn camera footage or its contents directly or indirectly to defendant or to any other person or entity, or on any public forum, except where the disclosure (1) can be expected to further the investigation of the defendant's case and the preparation of his defense; or (2) is in relation to another judicial proceeding in which the Federal Public Defender's Office acts as counsel; and

B.    defendant and the legal defense team may use the body-worn camera footage only in connection with (1) the defense of this case (including any appeal or post-conviction matter); or (2) any other judicial proceeding in which the Federal Public Defender's Office acts as counsel.

3.    **Defense counsel's responsibility to limit viewing of sensitive materials**[1] - If defense counsel authorizes the defendant or a defense-designated person to view BWC materials, defense counsel shall ensure that neither the defendant, nor any defense-designated persons, view or hear any portion of the BWC materials that includes information regarding a witness's:

A.    Date of birth;

B.    Social security or taxpayer identification number;

C.    Driver's license or non-driver's license identification card number;

D.    Home, work or school address;

E.    Telephone numbers, cellular numbers, or email addresses;

F.    Relatives, including names and contact information;

G.    Credit card, bank, debit, or other financial-account numbers; or

H.    Medical or mental health history information; or

I.    User names, user identifications, and passwords.

---

[1] *See generally* Fed. R. Crim. P. 49.1 (defining information that raises privacy concerns in public filings); 24 DCMR § 3902.5(a)(1)-(5) (limiting a subject's access to BWC footage that would "violate the individual privacy rights of any other subject" or "jeopardize the safety of another subject"); D.C. Code § 23-1901(b) (a crime victim has the right to: "(1) [b]e treated with fairness and with respect to the victim's dignity and privacy; (2) [b]e reasonably protected from the accused offender . . ."); 18 U.S.C. § 3771(a)(1) (a crime victim has the "right to be reasonably protected from the accused"); 18 U.S.C. § 3771(a)(8) (a crime victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy").

The parties recognize an exception to this limitation if such disclosure is necessary to further the investigation of the defendant's case and the preparation of his defense.

4. **Notification Regarding This Order**. Defense counsel must provide members of the legal defense team, the defendant, and any defense-designated person to view the body-worn camera footage, with a copy of this Order before providing them with access to, or permitting them to view, the body-worn camera footage.

5. **Viewing by Incarcerated Defendants**. If the defendant is incarcerated by the District of Columbia Department of Corrections (hereinafter "DCDOC"), defense counsel is authorized to provide a copy of the body-worn camera footage to the DCDOC Office of General Counsel so that the defendant can view the body-worn camera footage pursuant to DCDOC's alternative viewing procedure. Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

6. **Retention Following the Conclusion of This Criminal Case**. The legal defense team may retain the body-worn camera footage upon conclusion of this case. This Order shall remain in force after the conclusion of this case and shall continue to govern the use, disclosure, and retention of the body-worn camera footage.

7. **Automatic Exclusions from This Order**. The restrictions set forth in this Order do not apply to body-worn camera footage that is, or later becomes, part of the public record, including footage that has been received in evidence in this or other public trials, or footage that is publicly released by the United States Attorney's Office for the District of Columbia, or the

government of the District of Columbia, including the Metropolitan Police Department. Further, the restrictions in this Order are not intended to limit the use of body-worn camera footage in any judicial proceedings in this case except as described elsewhere in this order.

8. **Limited Scope of This Order**. This Order does not constitute a ruling on the question of whether any particular body-worn camera footage is properly discoverable or admissible and does not constitute a ruling on any potential objection to the admissibility or discoverability of the body-worn camera footage.

9. **Modification**. Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

SO ORDERED this __3__ day of __March__, 2020.

HON. THOMAS F. HOGAN
United States District Judge