UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 20-055 (TFH) |
| | : | |
| JACOB KYLE JORDAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MOTION FOR REVIEW OF PRETRIAL DETENTION ORDER
PURSUANT TO 18 U.S.C. § 3145(b)**

Mr. Jacob Jordan, through undersigned counsel, respectfully moves this Honorable Court for review of the Magistrate Court's pretrial detention order pursuant to 18 U.S.C. § 3145(b). Mr. Jordan requests that he be released into the High Intensity Supervision Program (HISP) of Pretrial Services that will require him to remain on house arrest twenty-four hours a day and monitored by GPS.

**BACKGROUND**

On February 25, 2020, Mr. Jordan was arrested and charged with one count of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c). *See* ECF #1. On February 27, 2020, the grand jury returned a two-count Indictment charging Mr. Jordan with Count One, Unlawful Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and Count Two, Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c). *See*

ECF #7. In anticipation of the detention hearing, the government filed a memorandum in support of pretrial detention. *See* Gov't Memo, ECF #6.

On February 28, 2019, the parties appeared before Magistrate Judge Meriweather for the detention hearing. At the conclusion of the hearing, Magistrate Judge Meriweather determined that Mr. Jordan had presented sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3), but that after considering the presumption in addition to other factors, detention was warranted. *See* Order of Detention, ECF #13.

## ARGUMENT

The Bail Reform Act requires the release of a defendant prior to trial unless a judicial officer determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(c). Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "*there is a small but identifiable group of particularly dangerous [persons]* as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this *limited group* ... that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st

Sess. 6-7, *reprinted in* U.S. Code Cong. & Ad. News 3189 (emphasis supplied).   Mr. Jordan is not within that limited group.

It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention to only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that '[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial.   It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants."   *Id*. at 7, 12, *reprinted in*, 1984 *U.S. Code Cong. & Ad. News* 3189.

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of Section 3142 continues to favor release over pretrial detention.   "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."   *United States v. Salerno*, 481 U.S. 739, 755 (1987).   "Our system of criminal justice embraces a strong presumption against detention."   *United States v. Hanson*, 613 F.Supp.2d 85, 87 (D.D.C. 2009).   In Mr. Jordan's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety.

Although a grand jury has returned a two-count indictment, which triggers the rebuttable presumption, Mr. Jordan has overcome that presumption by presenting unrefuted evidence about his background.   As the detention order notes, "Mr. Jordan's history and characteristics are overwhelmingly positive, thus this factor both weighs in favor of release and rebuts the applicable presumptions of detention."   *See* Order of Detention, ECF #13, pg. 4.

3

Mr. Jordan is a 32 year old resident of Washington, D.C. who has no prior record. He honorably served in the U.S. Marines for eight years prior to his honorable discharge for mental health reasons. *Id.* His mental health conditions are significant and he had been receiving treatment from treatment providers and is also assisted by his emotional support dog, who is vital to his emotional well-being and ability to sleep. Since his detention at the D.C. Jail, his mental health treatment regime has changed significantly. Mr. Jordan respectfully submits that a highly restrictive release plan, including GPS and house arrest, would allow for the necessary mental health needs that is required for Mr. Jordan's well-being.

Mr. Jordan respectfully submits that he is not a danger to the community and as a result this Court can fashion release conditions to reasonably assure the safety of the community. Importantly, Mr. Jordan believes this Court could set release conditions, such as full time, 24 hours per day, house arrest, to reasonably assure Mr. Jordan's appearances in court and safety to the community.

Mr. Jordan requests that he be released on his personal recognizance and placed into the High Intensity Supervision Program of Pretrial Services. Mr. Jordan is amenable to remaining on house arrest twenty-four hours a day as a condition of the High Intensity Supervision Program. If Mr. Jordan is to violate the conditions of house arrest, pretrial services will be immediately notified and thereafter the police are notified. Considering the facts above, this Court could fashion release conditions to **reasonably assure** the safety of the community. (Emphasis added).

**WHEREFORE** for the foregoing reasons, any which may appear at a full hearing on this matter, and any others this Court deems just and proper, Mr. Jacob Jordan, through counsel,

4

respectfully requests that he be released to the High Intensity Supervision Program of Pretrial Services, monitored by GPS and placed on 24 hours per day electronic monitoring.

                                               Respectfully submitted,

                                               A.J. KRAMER
                                               FEDERAL PUBLIC DEFENDER

                                             _____/s/_____
                                             Dani Jahn
                                             Assistant Federal Public Defender
                                             625 Indiana Avenue, N.W., Suite 550
                                             Washington, D.C.   20004
                                             (202) 208-7500