UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CASE NO. 20-CR-55 (TFH) |
| | : | |
| JACOB KYLE JORDAN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
FOR REVIEW OF THE PRETRIAL DETENTION ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant's "Motion for Review of Pretrial Detention Order Pursuant to 18 U.S.C. § 3145(b)" (Docket Entry 16) (hereinafter Def. Motion"). As argued more fully below, Defendant's motion should be denied without a hearing.

**FACTUAL SUMMARY**

This case arose from a long-standing, covert investigation into methamphetamine distribution conducted by special agents of Homeland Security Investigations ("HSI") as well as state and local law enforcement officers in several jurisdictions. Through this investigation, which included the use of confidential informants and cooperating witnesses, Defendant was identified as a methamphetamine trafficker operating out of the District of Columbia. As part of the investigation, cooperating source that had previously purchased methamphetamine from Defendant agreed to make a purchase from him on February 25, 2020.

At approximately 9pm on February 25, 2020, the source met with Defendant at an apartment building located at 1925 14th Street NW in the District of Columbia. Defendant and the source then walked together to Apartment 202, for which Defendant is the leaseholder and

sole resident. Once inside the apartment, Defendant with three (3) large Ziploc bags of methamphetamine, which later weighed approximately 1,461 grams. <u>Exhibit 1</u>. At approximately 9:05 pm, the source left the apartment and the search team entered the apartment to search the premises with a Superior Court for the District of Columbia search warrant (Warrant No. 2020 CSW 1107).

A search was conducted of the apartment and the following was recovered: one Smith & Wesson, 9mm semi-automatic handgun in the kitchen, over $12,000 U.S. Currency in a safe in bedroom one, a money counting machine under the bed in bedroom one, assorted mail matter in the name of Defendant Jordan in the kitchen, twenty-one (21) Ziploc bags containing a total of over four (4) pounds of methamphetamine and nine (9) gray pills of MDMA within a safe in the kitchen cabinet. <u>Exhibits 2-11.</u>

## **PROCEDURAL HISTORY**

At the initial appearance on February 26, 2020, the United States orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Friday February 28, 2020. On Thursday, February 27, 2020, the grand jury returned an indictment charging Defendant with one count of Possession with the Intent to Distribute more than 500 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and one count of Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1).

On February 27, 2020, the United States filed its memorandum in support of pretrial detention. (Docket Entry 7). On February 28, 2020, the Pretrial Services Report was filed, which

echoed the United States' request that Defendant be held pending trial. (Docket Entry 8). On March 3, 2020, Magistrate Judge Meriweather heard argument on the United States' detention motion. After hearing argument, and taking a lengthy recess to consider the issue, Magistrate Judge Meriweather ruled that Defendant should be detained pending trial because, in her opinion, there were no combination of conditions that would ensure the public's safety should Defendant be released. Magistrate Judge Meriweather filed a detailed order reiterating her ruling from the bench.   (Docket Entry 13).

**ARGUMENT**

1. **Magistrate Judge Meriweather Properly Ordered Pretrial Detention**

The United States laid out the factual basis for detaining Defendant pending trial in its Memorandum (Docket Entry 7), which it incorporates by reference here as though it were restated in full.   As noted in that Memorandum, three of the four factors which must be considered by the court weigh strongly in favor of detention: the Nature and Circumstances of the Offense Charged, the Weight of the Evidence against Defendant, and Danger to the Community. Defendant sold three pounds of crystal methamphetamine to a subordinate dealer who, unbeknownst to him, was cooperating with law enforcement. A subsequent search of Defendant's apartment uncovered an additional four pounds of crystal methamphetamine, MDMA, liquid narcotics which have not yet been identified, a loaded, semi-automatic handgun, and $12,000 cash. Id.

Magistrate Judge Meriweather found that only one factor, the Defendant's History and Characteristics, weighs in favor of pre-trial release because he has no criminal history and served honorably in the Marine Corps. (Docket Entry 13, at 4). The United States respectfully disagrees

with Magistrate Judge Meriweather's analysis, because it focuses on the characteristics of who Defendant <u>was</u> rather than the characteristics of who Defendant <u>is</u>. The United States further, respectfully submits that Defendant's lack of a prior criminal history cuts both ways in this instance. Though he apparently never spent a day in jail prior to his arrest in this case, Defendant now faces the prospect of spending twenty years in federal prison on mandatory-minimum sentences which must, by law, be served consecutively. Coupled with his access to cash and an active passport, Defendant is a substantial flight risk if he is released, in addition to being a danger to the community. Under the circumstances, Defendant may feel that he has nothing to lose by attempting to flee the jurisdiction.

The factors which this Court must weigh in re-considering Magistrate Judge Meriweather's order all weigh in favor of the decision she made. Defendant must be held pending trial.

2. **<u>Neither the Defendant's Military Service Nor His Mental Health Issues Justify Pretrial Release</u>**

Notwithstanding the analysis laid out in the United States' motion, its oral argument, and Magistrate Judge Meriweather's Order, Defendant contends that he must be released because he once served honorably in the United States Marine Corps and he now suffers from mental health issues. Neither of these arguments justify overturning Magistrate Judge Meriweather's Order and granting pretrial release.

First, as stated during oral argument, any person who serves the United States in uniform is entitled to the respect and thanks of the citizenry. The United States Marine Corps prides itself on its core values of Honor, Courage, and Commitment, and holding itself, and all Marines, to a higher standard than ordinary citizens. Though Defendant may once have lived and loved the

4

Marine's core values, and may once have held himself to a higher standard, he has since turned his back on everything the Marine Corps represents in favor of lawlessness and easy money. Defendant's willingness to disregard the oath he swore as a Marine to bear true faith and allegiance to the laws and the Constitution of the United States, proves that he would be willing to disregard a sworn oath to obey this Court's release conditions.

Defendant's mental health issues also fail to justify pretrial release. Defendant contends that he must be released to continue his mental health treatment, but ignores the fact that his mental health treatment was ineffective in preventing him from serving as a middleman in a high-volume methamphetamine conspiracy. Defendant's mental health treatment did nothing to prevent him from dealing methamphetamine three-pounds-at-a-time while armed with a 9mm handgun in a luxury apartment that he could not otherwise afford. Moreover, Defendant is not the only inmate at the District of Columbia Department of Corrections ("DCDOC") who suffers from a mental health issue. If Defendant demonstrates a need for such services, DCDOC can transfer him to the Correctional Treatment Facility to receive treatment.

Finally, even if the Court were to credit Defendant's mental health and military service as Magistrate Judge Meriweather did, these facts only go to the element of Defendant's History and Characteristics. The other three factors all weigh in favor of pre-trial detention, and their combined weight far outweighs the arguments relied on by Defendant. On balance, pretrial detention is the only way to guarantee the safety of the community while Defendant awaits trial.

## CONCLUSION

Of the four factors which must be considered by the court in setting release conditions, three weigh heavily in favor of pretrial detention: Nature and Circumstances of the Offense

5

Charged, the Weight of the Evidence against the Defendant, and Danger to the Community. Even if the Court were to find, as Magistrate Judge Meriweather did, that the Defendant's History and Characteristics weigh in favor of release conditions, that factor is insufficient to outweigh the factors that weigh in favor of detention.

WHEREFORE the United States respectfully requests that Defendant's Motion for Reconsideration of the Pretrial Detention Order be DENIED.

                              Respectfully submitted,

                              TIMOTHY J. SHEA
                              United States Attorney
                              D.C. Bar No. 437437

By:    */s/ James B. Nelson*
        JAMES B. NELSON
        D.C. Bar No. 1613700
        Assistant United States Attorney
        Violent Crime & Narcotics Trafficking Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-6986
        james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Danielle C. Jahn via the Electronic Case Filing (ECF) system, this 9th day of March, 2020.

                                      By:      */s/ James B. Nelson*
                                                       JAMES B. NELSON
                                                       D.C. Bar No. 1613700
                                                       Assistant United States Attorney
                                                       Violent Crime & Narcotics Trafficking Section
                                                       555 4th Street, N.W.
                                                       Washington, D.C. 20530
                                                       (202) 252-6986
                                                       james.nelson@usdoj.gov