**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **1:20-CR-55 (TFH)** |
| | : | |
| **JACOB JORDAN** | : | Status Hearing: May 29, 2020 |

## EMERGENY MOTION FOR BOND REVIEW

Mr. Jacob Jordan, through undersigned counsel, respectfully requests that this Honorable Court reconsider its decision to hold Mr. Jordan pending trial in light of the impact of the COVID-19 pandemic on the jail and courts. Mr. Jordan renews his request for release into the High Intensity Supervision Release Program (HISP) with 24-hours monitoring and house arrest.

## BACKGORUND

On February 25, 2020, Mr. Jordan was arrested and charged with one count of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C § 924(c). See ECF #1. On February 27, 2020, the grand jury returned a two-count Indictment charging Mr. Jordan with Count One, Unlawful Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and Count Two, Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). See ECF #8. In anticipation of the detention hearing, the government filed a memorandum in support of pretrial detention. See Gov't Memo, ECF #7.

On February 28, 2019, Magistrate Judge Meriweather presided over a detention hearing for Mr. Jordan. At the conclusion of the hearing, Magistrate Judge Meriweather determined that Mr. Jordan had presented sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3), but that after considering the presumption in addition to other factors, detention was warranted. See Order of Detention, ECF #13. Predecessor counsel subsequently filed a Motion to Review Pretrial Detention Order. See ECF #16. The government also filed an opposition. See ECF #17. Undersigned counsel appeared as counsel of record on March 10, 2020. See ECF #18. This Court heard additional arguments regarding bond at the hearing on March 11, 2020 and declined to change the detention order of Judge Meriweather.

In response to COVID-19 spreading via community contact, the national and local health guidance has been severe. The President of the United States declared a national emergency on March 13, 2020. On March 11, 2020, Muriel Bowser declared a state of emergency and a public health emergency in Washington, D.C. As of March 15, 2020, the Center for Disease Control (CDC) recommends that gatherings of 50 people or more be avoided entirely for eight weeks. As of March 16, 2020, the President of United States announced that gatherings of more than 10 people ought to be avoided for 15 days.

D.C. courts have also responded to the pandemic with policies limiting hearings and court access. Chief Judge Beryl Howell issued an Order on March 16, 2020 continuing all hearings from March 17, 2020 through April 17, 2020. However, that timeframe might be extended. For example, D.C. Superior Court issued similar guidance, cancelling trials and continuing hearings past May 1st. However, on March 18, 2020, the court announced a more stringent court closure after at least one U.S. Marshall tested positive for Corona virus. The court

identified a list of attorneys in the presentment courtroom from March 9th to March 13th and advised that one of the Marshalls who tested positive was in the presentment courtroom that week. Some of the defendants who were held on March 9th were then transported to the jail and brought back to the courthouse on Wednesday, March 11th for preliminary hearings. Undersigned counsel was present in the presentment courtroom on March 9, 2020 and in the preliminary hearing courtroom with the same client on March 11, 2020.

Undersigned counsel is not aware of any specific positive tests from the jail at this time. However, the concerns regarding U.S. Marshalls testing positive caused at least a temporary stop to bringing defendants up from the jail. Presumably, this Court might have similar concerns. However, additional concerns for all defense counsel have arisen regarding this possible exposure at the jail.

## ARGUMENT

Despite the short time frame since this Court last made a detention determination, the timeline for a resolution of this case has changed significantly. In light of the current health crisis and its impact on speedy trial rights, the safety of pretrial detention, and the indefinite nature of case postponements, undersigned counsel respectfully requests this Court release Mr. Jordan into the HISP program under 24-hour home confinement.

Undersigned counsel considers the jail unsafe under the current conditions. Under jail conditions, it does not seem likely that the jail would be able to limit the spread of COVID-19. This endangers persons who are detained, D.C. jail employees, and defense counsel. Detained

individuals will be at a high risk of infection if people begin testing positive at the jail.[1] Given the information about a U.S. Marshall testing positive after working after working in D.C. Superior Court, exposure at the jail will be a heightened concern over the next few weeks. Of course, that is not the only possible source of exposure at the jail. People regularly cycle in and out of jails and prisons, people who work in them leave and return daily, and visitors regularly stream through. Viruses of all kinds have multiple entry points, and those that enter tend to spread fast. Outbreaks of the flu regularly occur in jails, and during the H1N1 epidemic in 2009, many jails and prisons dealt with high numbers of cases. Many people who are incarcerated also have chronic conditions, like diabetes or HIV, which makes them vulnerable to severe forms of COVID-19. Mr. Jordan, for example, has a compromised immune system based on his service in the Marines.[2]

The effect on the judicial system has also impacted attorney-client communications and access to justice. Attorney visitation rooms at the jail are too small to maintain a safe distance from individuals who have potentially been exposed. Additionally, given the possibility of Covid-19 exposure to undersigned counsel at D.C. Superior Court, undersigned counsel interprets the current public health guidance as prohibiting visitation at the present moment.

---

[1] At the time of filing, undersigned counsel has not seen any reports of positive tests at the D.C. jail. However, there have been some discussions at D.C. Superior Court of at least one individual exhibiting flu-like symptoms at the jail. Apparently, several inmates and jail staff were tested with negative results.

[2] This fact was provided from close friends of Mr. Jodan as well as the fact that Mr. Jordan completed 8 deployments, several of which were combat related, in Afghanistan, Iraq, and Kuwait. Per the below conversation on the impact of the health crisis on attorney-client communication, undersigned counsel has not been able to confirm this information with Mr. Jodan. However, upon information and belief, Mr. Jordan is in the class of persons at increased risk for respiratory illness. The connection between deployment in the Middle East and respiratory illnesses was the subject nation-wide litigation. *See* Seth Harp, *Veterans Go Back to Court Over Burn Pits. Do They Have a Chance?*, N.Y. Times Mag. (May 17, 2018), https://www.nytimes.com/2018/05/17/magazine/burn-pits-veterans.html?auth=login-email&login=email.

While undersigned counsel has been looking into alternative methods of communication with incarcerated clients, that has not, as of yet, been established.

While some of these concerns apply to all incarcerated individuals, Mr. Jordan is at a heightened risk if exposed to Covid-19 and was detained based on a close call. As previously discussed at the last hearing, Mr. Jordan suffers from depression[3] and PTSD, which manifests as insomnia and night terrors. This Court addressed concern for this and agreed to make the request for transfer to CTF, understanding that decision was at the jail's discretion. As of March 14, 2020, Mr. Jordan was still held at the D.C. Jail. Given the change in circumstances at the jail as a result of the pandemic, it seems unlikely that Mr. Jordan will receive adequate mental health treatment, assuming the jail like many facilities will be focused on Covid-19 prevention. This development changes the calculus regarding his mental health status. Upon information and belief, Mr. Jordan is at an increased risk if he contracts Covid-19 based on his deployment in the Middle East, which makes him a member of the class of veterans at increased risk for respiratory illness. Finally, Mr. Jordan is held pre-trial and is, at this moment, still presumed innocent. Magistrate Judge Meriweather found the presumption under 18 U.S.C. § 3142(e)(3) overcome but held Mr. Jordan under the circumstances. This Court declined to change Mr. Jordan's status at the last hearing. However, undersigned counsel submits that the impact of Covid-19 on the D.C. Jail and U.S. District Court for D.C. is a changed circumstance justifying release in Mr. Jordan's case.

---

[3] At the time of Mr. Jordan's arrest, he had several prescribed medications at his apartment, including: Trintellix, Gabapentin, Vortioxetine, Trazodone, and BuPROPion HCl. All but the Gabapentin treat depression, while the Gabapentin treats seizures.

As a procedural matter, undersigned counsel requests a hearing by telephone on this issue at which Mr. Jordan's presence could be waived.

**Wherefore**, for the above stated reasons, and any other reasons that may appear to the Court at a hearing on this matter, the defendant respectfully requests that this motion be granted, and that this Court release Mr. Jordan into HISP with home confinement.

<u>/s/ Jon w. Norris</u>
Jon W. Norris, D.C. Bar No. 426105
Attorney for Jacob Jordan
The Law Offices of Jon W. Norris
503 D Street, NW, Suite 250
Washington, DC 20001
Tel: (202) 371-0300
Fax: (202) 842-2627

# UNITED SSTATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| **JACOB JORDAN** | : | Status Hearing: May 29, 2020 |

## **ORDER**

Upon consideration of the Emergency Motion for Bond Review and the entire record, it is on this ___ day of March, 2020, hereby

**ORDERED** that Mr. Jordan's Motion is granted and Mr. Jordan is hereby released into the High Intensity Supervision Program.

_____

THE HONORABLE THOMAS F. HOGAN

UNITED STATES DISTRICT JUDGE