## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| **JACOB JORDAN** | : | Status Hearing: April 17, 2020 |

### EMERGENY MOTION FOR BOND REVIEW

The defendant, Mr. Jacob Jordan, through undersigned counsel respectfully requests that this Honorable Court release Mr. Jordan from pretrial detention in light of infection at the D.C. Jail, or, in the alternative, temporarily release Mr. Jordan pursuant to 18 U.S.C. § 3142(i) until the health crisis has subsided. Undersigned counsel does not request a hearing on this matter.

### BACKGROUND

On February 25, 2020, Mr. Jordan was arrested and charged with one count of Possession With Intent to Distribute a Mixture and Substance Containing a Detectably Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). See ECF #1. On February 27, 2020, the grand jury returned a two-count indictment charging Mr. Jordan with count One, Possession With Intent to Distribute a Mixture and Substance Containing a Detectably Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count Two, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). See ECF #8. In anticipation of the detention hearing, the government filed a memorandum in support of pretrial detention. See Gov't Memo, ECF #7.

On February 28, 2019, Magistrate Judge Meriweather determined that Mr. Jordan had presented sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3), but that after considering the presumption in addition to other factors, detention was warranted. See Order of Detention, ECF #13. Predecessor counsel subsequently filed a Motion to Review Pretrial Detention Order. See ECF #16. The government also filed an opposition. See ECF #17. Undersigned counsel appeared as counsel of record on March 10, 2020. See ECF #18. This Court hear additional arguments regarding bond at the hearing on March 11, 2020 and declined to change the detention Order of Judge Meriweather.

In response to the COVID-19 outbreak's impact on jail facilities and court operations, undersigned counsel filed an Emergency Motion to Review Pretrial Detention Order on March 19, 2020 and a Supplement to that motion on March 20, 2020. See ECF #19 & #21. The government filed its Memorandum in Opposition on March 23, 2020. See ECF #22. On March 23, 2020, this Court held a telephonic hearing, with Mr. Jordan's presence waived, to hear arguments on the bond motions. This Court denied the motion in light of the government's representations that the D.C. Jail had instituted policies to respond to COVID-19 that were responsive to the health crisis, in keeping with the CDC's guidance, and were effective. See Gov't Memo in Opposition 5-7, ECF #22. At the hearing, this Court suggested that the situation might be different if it was determined that inmates tested positive for Coronavirus.

On Wednesday, March 25, 2020, jail officials identified a confirmed case of coronavirus amongst the inmates at the D.C. Jail. See Keith L. Alexander, After D.C. Jail Confirms First Inmate With Covid-1, Officials Isolate 36 Other Inmates, Wash. Post (March 26, 2020), https://www.washingtonpost.com/local/public-safety/after-dc-jail-confirms-first-inmate-with-covid-19-officials-isolate-36-other-inmates/2020/03/26/4610cd86-6f68-11ea-b148-

e4ce3fbd85b5_story.html. Jail officials could not say how the inmate, who has been jailed since July 29, 2019, came into contact with the virus. See id. He had not been to court since January, so he was not in direct contact with the U.S. Marshall who tested positive. See id. As of March 29, 2020, 5 inmates have now tested positive at the D.C. Jail. See Kyley Schultz, 5 Inmates at D.C. Jail Haves Tested Positive for Coronavirus, WUSA9 (March 29, 2020), https://www.wusa9.com/article/news/health/coronavirus/dc-corrections-office-coronavirus/65-a94901a7-33dd-41ac-b637-f40274a88a2a. Upon information and belief, at least one of the individuals who tested positive was in a cell near Mr. Jordan's. The cells were not cleaned after the two individuals were moved and their belongings were removed in trash bags.

The Department of Corrections Labor Committee issued a press release indicating that the D.C. Jail was not a safe work environment. See Dep't of Corrections Labor Committee, Fraternal Order of Police, Press Release (March 20, 2020). In particular, the Labor Committee indicated that the 50-year-old wife of a corrections officer had COVID-19. See id. at 1. Two of the individuals who tested positive were among the initial 65 inmates who were quarantined after coming into contact with a U.S. Marshall. See id. That quarantine apparently lasted for two days before it was lifted because DOC determined that none of those individuals came into contact with the U.S. Marshall. See id. The Committee identified guidance that DOC is not following, namely: (1) there is no protective gear available to the jail personnel or it is hoarded by supervisors; (2) cleaning and disinfecting is inadequately performed; and (3) Department of Health has not inspected the housing units. See id. at 2. In its criticism of testing, the Committee noted "DOC misleads the public in its reporting of positive cases of COVID-19 among inmates. Testing is inadequate at the D.C. Jail. Inmates are only tested when it is too late to protect other inmates … Because COVID-10 testing in the Jail is only being used as a diagnostic tool, the rate

of infection does not reflect the true level of infection at the Jail." See id. In response, the committee indicated that corrections officers were going to refuse to leave the self-contained structures ("bubbles") in the jail for any reason, including security checks and providing meals. See id.

## ARGUMENT

I. **THIS COURT OUGHT TO RELEASE MR. JORDAN FROM PRETRIAL DETENTION, IN LIGHT OF COVID-19 CASES AT THE JAIL AND INSUFFICIENT D.C. JAIL PRECAUTIONS.**

In its denial of the request for release from pretrial detention at the March 23rd hearing by telephone, this Court indicated that the consideration regarding the impact of coronavirus on detention might be different if inmates were infected at the jail. At the time of the March 23rd hearing, neither undersigned counsel nor the government knew of any individual inmates who tested positive at the jail. However, in light of the news that five inmates at the D.C. Jail have tested positive – and assuming the actual number is much higher – undersigned counsel renews the request for Mr. Jordan's release from pretrial detention into HISP in this case. In addition to the information provided in the Emergency Motion for Pretrial Release and Supplemental Motion regarding the national state of affairs, concerns relating to jail facilities in general, and concerns about the D.C. jail's ability to manage a Covid-19 outbreak, Mr. Jordan's release is appropriate based on (1) the new information about inmates testing positive and (2) new information about the specific impact on Mr. Jordan's health.

In light of the news that five inmates have tested positive for Coronavirus, the government's prior arguments regarding the appropriateness and effectiveness of the D.C. Jail's response to this health crisis are unreliable. The inability of the jail to handle the Coronavirus crisis is further bolstered by the jail employees' own assessment of the coronavirus precautions. The letter from

the Fraternal Order of Police raises the specter that the announced policies for prevention are not being followed. Absent serious identification of inmates who could be released, the Department of Corrections policies cannot comply with the main guidance – create distance between individuals to halt the spread of Covid-19.

Mr. Jordan is at a particular risk of contracting Covid-19 based on proximity to individuals who have tested positive and at particularly high risk for other medical issues based on his mental health needs, which continue to go untreated. Mr. Jordan has already tested positive for the flu and has to fold his mattress to a 45 degree angle so he is able to breathe while he sleeps. One of the inmates who has tested positive for Coronavirus was in a cell near Mr. Jordan's and they were in close enough contact that they shared food. The cell was not subsequently disinfected. Mr. Jordan has not been provided soap, toilet paper or disinfectant of any kind. Mr. Jordan was forced to rip up his shirt to use it as toilet paper. Mr. Jordan continues to suffer from panic attacks related to his PTSD and the jail has failed to provide appropriate medical services to manage his mental health issues. He has not received appropriate medication, for example. This information is based on conversations undersigned counsel has had with Mr. Jordan and two of Mr. Jordan's friends, who have remained in contact with him during this difficult time.

Based on all of the information provided by defense on Covid-19 and the fact that Mr. Jordan's pretrial detention was a close call, this Court ought to release Mr. Jordan to HISP with strict conditions in light of the increasingly dire circumstances at the jail.

**II.     IN THE ALTERNATIVE, THIS COURT SHOULD RELEASE MR. JORDAN PURSUANT TO 18 U.S.C. § 3142(i).**

For individuals held pursuant to 18 U.S.C. § 3142(e):

The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshall or another appropriate person, to the extent that

      the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

      In the alternative, if this Court declines to change its previous order for Mr. Jordan's pretrial detention, this Court ought to fashion conditions of temporary release under 3142(i). For the reasons stated above, the impact of Coronavirus on the jail and the individualized risk it poses to Mr. Jordan justify temporary release under 3142(i). The presence of Covid-19 at the jail constitutes a "compelling reason" sufficient to justify Mr. Jordan's temporary release. This Court could fashion strict conditions of release for the duration of the health crisis.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| **JACOB JORDAN** | : | Status Hearing: April 17, 2020 |

### **ORDER**

Upon consideration of the Emergency Motion for Bond Review and the entire record, it is on this

___ day of _____, 2020, hereby

**ORDERED** that Mr. Jordan's Motion is granted and Mr. Jordan is hereby released into the High Intensity Supervision Program; **OR**

**ORDERED** that Mr. Jordan's Motion is granted and Mr. Jordan is temporarily released subject to 18 U.S.C. § 3142(i).

_____

THE HONORABLE THOMAS F. HOGAN

UNITED STATES DISTRICT JUDGE