UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| JACOB JORDAN | : | Status Hearing: April 17, 2020 |

## SUPLEMENT

The defendant, Jacob Jordan, through undersigned counsel respectfully requests that this Honorable Court consider the following supplemental information and argument, and grant the pending Emergency Motion to Review Pretrial Detention, in which Mr. Jordan requests release either under 18 U.S.C. § 3142(g) or § 3142(i). In support of this motion, undersigned counsel states the following:

## BACKGROUND

After this Court heard and denied an Emergency Motion for Review of Pretrial Detention on March 23, 2020, undersigned counsel filed a second Emergency Motion for Review of Pretrial Detention. *See* ECF #23. The government filed its opposition on April 2, 2020. *See* ECF #25. Undersigned counsel filed a Reply Motion and a Supplement on April 3, 2020 and April 9, 2020 respectively. *See* ECF #26 and #27. The Reply Motion highlighted some of the opinions addressing COVID-19 in the jail in the U.S. District Court for D.C. *See* Def. Reply Mot. 2-4 (Apr. 3, 2020). The supplement also addressed the specific health concerns Mr. Jordan faces in the jail – primarily, an ongoing physical ailment and his underlying mental health concerns. *See* Def. Suppl. (Apr. 9, 2020), ECF #27.

Since the submission of the previous defense filings, jail conditions have only worsened. When undersigned counsel filed the second Emergency Motion to Review Pretrial Detention on

1

March 30, 2020, 5 inmates had tested positive for coronavirus. *See* Emergency Mot. For Review of Pretrial Det. at 3 (March 30, 2020). As of April 12, 2020, 53 inmates have tested positive at the D.C. Jail. *See D.C. Jail Reports Four New Coronavirus Cases, Bringing Total to 53*, Fox 5 (Apr. 12, 2020), https://www.fox5dc.com/news/dc-jail-reports-four-new-coronavirus-cases-bringing-total-to-53. On April 13, 2020, the D.C. Jail announced the first inmate death related to COVID-19 at the jail. *See* Keith Alexander, *Man Charged in Fatal Stabbing is D.C. Jail's First Inmate to Die of Covid-19*, Wash. Po. (Apr. 14, 2020), https://www.washingtonpost.com/local/public-safety/man-charged-in-fatal-stabbing-is-dc-jails-first-inmate-to-die-from-covid-19/2020/04/14/e550557c-7dc0-11ea-9040-68981f488eed_story.html?utm_campaign=wp_local&utm_medium=social&utm_source=twitter.

**ARGUMENT**

A recent opinion in the U.S. District Court for D.C. offers a persuasive framework for assessing a case like Mr. Jordan's. *See* Order, *United States v. Devon Dabney*, No. 19-cr-27-KBJ (D.D.C. Apr. 13, 2020). Mr. Jordan's case and the case addressed by Judge Ketanji Brown Jackson share similarities – alleged distribution of narcotics, alleged possession of a firearm, a defendant with no prior record, and underlying medical concerns. *See id.* at 5-6. Notably, Judge Ketanji Brown Jackson considered COVID-19 insufficiently "material" to reopen a detention determination under 18 U.S.C. § 3142(f) absent an underlying medical condition. *See id.* at 3 (citing *United States v. Lee*, No. 19-cr-298, 2020 WL 1541049, AT *4 (D.D.C. Mar. 30, 2020)). In the Order granting release in *Dabney*, Judge Jackson gave particular weight to an underlying medical condition in relation to COVID-19, stating, "Perhaps, in a COVID-19-free world, Dabney's mild intermittent asthma would be irrelevant to this Court's assessment of his

individual characteristics for the purpose of determining whether his detention pending trial would be proper; but, unfortunately, we do not live in such a world…" *Id.* at 6.

Release is similarly appropriate in Mr. Jordan's case. Although this Court did not seem to require an underlying medical condition to re-assess a bond determination in light of COVID-19, at the time of the previous denial, this Court has noted a concern for Mr. Jordan's medical needs. This Court gave weight to Mr. Jordan's mental health concerns at the initial bond hearing and made a request for Mr. Jordan to be moved to CTF. Mr. Jordan's medical situation has only worsened since his incarceration – ongoing fever, lung congestion, sinus issues, nigh terrors, and difficulty breathing while sleeping. *See* Def. Suppl. at 2, ECF #27. Additionally, upon information belief, Mr. Jordan has not been provided a face mask, while other inmates have, he has missed meals, and has been confined to his cell without showers for days at a time. As Judge Jackson noted, absent COVID-19, certain medical conditions might not be relevant to release, but "we do not live in such a world." *See Dabney*, *supra* at 6. Further, in *Dabney*, Judge Jackson did not require a certain medical risk – Judge Jackson noted that it was instead uncertain to what extent asthma exacerbates the risks of COVID-19. *See id.* (citing *United States v. Irizzary*, No. 17-cr-283, 2020 WL 1705424 (S.D.N.Y. Apr. 8, 2020)).

This court ought to release Mr. Jordan in light of his initial detention determination being a "close call" and his continuing health concerns in a rapidly deteriorating jail facility. Additional failures at the jail indicate an institution that is unable to manage the current crisis. For example, Mr. Jordan's case manager has been out and so Mr. Jordan has not had access to an unrecorded phone line to have legal calls.[1] During his incarceration, Mr. Jordan has also been

---

[1] Undersigned counsel was last able to speak with Mr. Jordan on a case manager's phone on April 2, 2020.

robbed subject to a threat of violence. Mr. Jordan's mental health issues are going essentially untreated. His lung congestion and fever indicate a weakened immune system and raise concerns that he might suffer serious symptoms if he contracts COVID-19. Any concerns about Mr. Jordan in the community could be addressed with strict home confinement conditions on a GPS monitor.

    Undersigned counsel requests a hearing as soon as practicable on Mr. Jordan's bond motion and related filings.

    **Wherefore**, for the above stated reasons, the reasons stated in the Emergency Motion for Review of Pretrial Detention, the Reply to Government Opposition, and first supplement, and any other reasons that may appear to the Court at a hearing on this matter, the defendant respectfully requests that this motion be granted, and that this Court release Mr. Jordan into HISP with home confinement.

/s/ Jon w. Norris
Jon W. Norris, D.C. Bar No. 426105
Attorney for Jacob Jordan
The Law Offices of Jon W. Norris
503 D Street, NW, Suite 250
Washington, DC 20001
Tel: (202) 371-0300
Fax: (202) 842-2627
