UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| JACOB JORDAN | : | Next Hearing: TBD |

## MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, Jacob Jordan, through undersigned counsel respectfully requests that this Honorable Court modify Mr. Jordan's conditions of release to remove the house arrest and GPS monitoring conditions. In support of this motion, undersigned counsel states the following:

1. On February 25, 2020, Mr. Jordan was arrested and charged with one count of Possession With Intent to Distribute a Mixture and Substance Containing a Detectably Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). See ECF #1. On February 27, 2020, the grand jury returned a two-count indictment charging Mr. Jordan with count One, Possession With Intent to Distribute a Mixture and Substance Containing a Detectably Amount of Methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count Two, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). See ECF #8.

2. Mr. Jordan was held pending trial from the time of his arrest until this Court released him to 24-hour home confinement and supervision through HISP on April 23, 2020.

3. Since his release, Mr. Jordan has been in perfect compliance with his conditions of release. *See* Pretrial Services Report, ECF #31. Mr. Jordan has now been on house arrest

and GPS monitoring for over 90 days, the standard timeframe for considering reduction in HISP conditions.

4. In addition to complying with his pretrial release conditions, Mr. Jordan has independently sought out and participated in drug addiction therapy at the Kolmac Center. Mr. Jordan has benefitted significantly from this programming and has participated enthusiastically and candidly. Enclosed is a letter from an addictions counselor at Kolmac discussing Mr. Jordan's positive participation and improvement.

5. In addition to Mr. Jordan's demonstrated ability to comply with release conditions, it is undersigned counsel's understanding that, at this time, CSOSA is stretched thin for resources. Mr. Jordan is not a person who needs this level of supervision from CSOSA. He is strongly motivated to resolve this case and will comply with any and all remaining conditions the Court decided to impose.

**WHEREFORE,** for the above stated reasons and any others that appear to the Court at a hearing on this matter, the defendant respectfully request that this motion be granted and that the Court modify Mr. Jordan's conditions of release to remove the house arrest and GPS monitoring conditions.

/s/ Jon w. Norris
Jon W. Norris, D.C. Bar No. 426105
Attorney for Jacob Jordan
The Law Offices of Jon W. Norris
503 D Street, NW, Suite 250
Washington, DC 20001
Tel: (202) 371-0300
Fax: (202) 842-2627

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 1:20-CR-55 (TFH) |
| | : | |
| **JACOB JORDAN** | : | Next Hearing: TBD |

**ORDER**

Upon consideration of the Motion to Modify Conditions of release and the entire record, it is on this ___ day of _____, 2020, hereby

**ORDERED** that Mr. Jordan's Motion is granted and that Mr. Jordan's conditions of release are modified such that he is no longer required to remain on house arrest and his GPS monitor is removed.

_____

THE HONORABLE THOMAS F. HOGAN

UNITED STATES DISTRICT JUDGE

# **ATTACHMENT A**



July 20, 2020

The Honorable Thomas F. Hogan
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Dear Judge Hogan:

This letter is written in support of Mr. Jacob Kyle Jordan and his enthusiastic participation in the Intensive Outpatient Program (IOP) with Kolmac, which consists of three consecutive hours of empirically validated didactic sessions, psychotherapy, and community-building exercises, as well as, undergoing and passing random drug tests. IOP is designed for individuals with a clinical diagnosis of Moderate or Severe Substance Use Disorder (often with a history of trauma) to stabilize, regulate, and abstain from all mood-altering substances.  Kolmac has been a leader in this industry since 1973, and is licensed by the District of Columbia, State of Maryland, and State of Virginia, and is nationally accredited by the Commission on Accreditation of Rehabilitation Facilities (CARF).

To date, Mr. Jordan has completed 23 IOP sessions and is slated for successful graduation next week.  For the purposes of continuity of care, Kolmac recommends the safe step down of his treatment to weekly, two-hour group psychotherapy sessions for 70 sessions, in addition to his existing weekly private individual therapy sessions.

As the counselor designated to work with Mr. Jordan, I am pleased to attest to his remarkable resilience, intelligence, and eagerness to grow, learn, and self-actualize.  His contributions during group is well-received and often commended by other Counselors and fellow group members, which speaks to his capacity to be authentic, forthright, unique, and humble.  His unfiltered honesty, fearlessness, and unique life perspectives are reflective of his service with the U.S. Marine Corps, namely that of courage, honor, commitment, and love of country, necessary for combat deployments in the Middle East.

Should you have any questions, please do not hesitate to contact me on (240)512-8836 or on mkojima@kolmac.com.


Sincerely,


Mizuki Kojima, LGSW
Addictions Counselor
Kolmac Outpatient Recovery Centers
1411 K. Street, NW, Suite 703 Washington, DC 20005

3919 National Drive, Suite 300   Burtonsville, MD 20866
P: 301.589.0255   F: 301.589.0291   E: info@kolmac.com   W: www.kolmac.com